# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2026

Lyle W. Cayce
Clerk

No. 24-30804

Alvin Williams,

*Plaintiff—Appellee*,

*versus*

David Voorhies, *Captain*; Omar Walker, *Lieutenant*,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:21-CV-636

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Captain David Voorhies and Lieutenant Omar Walker appeal the district court's summary-judgment denial of qualified immunity for Appellee Alvin Williams's excessive-force and failure-to-intervene claims. Because Williams fails to show that either officer's alleged actions violated clearly established law, we REVERSE and RENDER judgment dismissing the claims based on qualified immunity.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30804

## I

Appellee Alvin Williams ("Williams") is a prisoner at the Louisiana State Penitentiary in Angola. One morning, Williams reports that he was "high" in his cell "and feared for [his] life."[1] He saw Captain David Voorhies ("Voorhies") and Lieutenant Omar Walker ("Walker") (collectively, the "Officers") walking by. Williams requested mental-health assistance, and the Officers and Williams then argued over whether Williams needed such assistance. During this back and forth, Voorhies observed plastic material from Williams's mattress tied around the cell door and his waist, so he ordered Williams to remove it. Williams complied but then asked again for mental-health assistance. The Officers denied that request, ordered Williams to the front of his cell, and handcuffed him. Walker then sprayed Williams with a chemical agent, and the Officers escorted him to the shower to wash his eyes.

While en route to the showers, they entered a stairwell. Williams, still blinded from the chemical spray, claims that Voorhies led him straight into a wall, causing his lip to bleed. Williams protested, causing Voorhies to pin him against the wall and press on his restrained right hand, causing "excruciating pain" for a few seconds and allegedly resulting in a stress fracture. Williams then entered the showers and rinsed off, complaining the water was too hot and the Officers ignored his complaints.

The prison assessed Williams's condition both the day of the incident and a few days later. The incident report says nothing about a hand injury or a busted lip. And although a physician found that Williams's right hand was

---

[1] The facts concerning the incident are taken from the *pro se* complaint, which we accept as true for purposes of this interlocutory appeal from the denial of qualified immunity. *See Cunningham v. Castloo*, 983 F.3d 185, 190 (5th Cir. 2020).

swollen a few days later, it is unclear whether that swelling was caused by the incident or a fight Williams engaged in the evening before it. At any rate, Williams followed up with medical staff repeatedly over the following months. No evaluation ever revealed a fracture or break in his right hand.

Williams subsequently filed this *pro se* § 1983 action, alleging excessive-force, deliberate-indifference, and failure-to-intervene claims.[2] The case was referred to a magistrate judge. After engaging in discovery, the Officers moved for summary judgment on all claims. The magistrate judge recommended denying summary judgment for two claims: (1) an Eighth Amendment excessive-force claim against Voorhies arising from the stairwell incident; and (2) a related failure-to-intervene claim against Walker. The district court adopted the magistrate judge's recommendation over the Officers' objections. Voorhies and Walker appeal the order to the extent it denied qualified immunity.

## II

A denial of summary judgment based on qualified immunity is immediately appealable under the collateral-order doctrine. *Cunningham*, 983 F.3d at 190. Our review, however, is limited to issues of law. *See Joseph ex rel. Est. of Joseph v. Bartlett*, 981 F.3d 319, 331 (5th Cir. 2020) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)). Summary judgment should be granted when "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"We review legal conclusions, materiality determinations, and the scope of clearly established law *de novo*." *Cunningham*, 983 F.3d at 190 (citing

---

[2] The district court deemed Williams's original complaint deficient because he had not used the approved § 1983 form for prisoners. The court ordered him to file an amended complaint, which Williams did.

*Amador v. Vasquez*, 961 F.3d 721, 727 (5th Cir. 2020)). When reviewing materiality, "we take [Williams's] version of the facts as true and view those facts through the lens of qualified immunity." *Ibid.* Under this view, if the Officers are still entitled to qualified immunity, "then any disputed facts are not material, the district court's denial of summary judgment was improper, and we must reverse." *Ibid.* (citing *Lytle v. Bexar County*, 560 F.3d 404, 409 (5th Cir. 2009)).

## III

"When a public official makes a good-faith assertion of qualified immunity, that alters the usual summary-judgment burden of proof, shifting it to the plaintiff to show that the defense is not available." *Joseph*, 981 F.3d at 329–30 (internal quotations omitted). To rebut the Officers' qualified-immunity defense, Williams had to point to summary-judgment evidence "(1) that [the Officers] violated a federal statutory or constitutional right and (2) that the unlawfulness of the conduct was clearly established at the time." *Cloud v. Stone*, 993 F.3d 379, 383 (5th Cir. 2021) (internal quotations omitted). We may address the prongs "in either order" and may "resolve the case on a single prong." *Ibid.* Here, prong two resolves the case.[3]

According to Williams, "[t]his Court's precedent clearly establishes that a correctional officer's unnecessary use of force against an individual in restraints violates that individual's right to be free from excessive force." He cites several cases in support of this proposition.[4] Williams argues these cases

---

[3] The parties argue extensively over whether the district court erred by considering Williams's original complaint as competent summary-judgment evidence. We need not address that issue. Assuming *arguendo* the district court could consider the original complaint, Williams's allegations are still insufficient to overcome qualified immunity.

[4] *Cowart v. Erwin*, 837 F.3d 444 (5th Cir. 2016); *Oliver v. Collins*, 914 F.2d 56 (5th Cir. 1990); *Flowers v. Phelps*, 956 F.2d 488 (5th Cir.), *vacated in part and reh'g denied*, 964 F.2d 400 (5th Cir. 1992); *Gomez v. Chandler*, 163 F.3d 921 (5th Cir. 1999); *Rankin v.*

compel the conclusion that Voorhies's alleged use of force violated clearly established law.

We disagree. Each case Williams cites is factually distinguishable and thus does not "'squarely govern[]' the specific facts at issue" for purposes of prong two of the qualified-immunity analysis. *Kisela v. Hughes*, 584 U.S. 100, 104 (2018) (per curiam) (quoting *Mullenix v. Luna*, 577 U.S. 7, 13 (2015)).

Begin with *Cowart v. Erwin*, the sole case cited by the magistrate judge to support his ruling that Voorhies's force violated clearly established law. There, the prisoner—Cowart—was in a kneeling position being restrained by two officers when another officer walked up and punched him in the face twice. *Cowart*, 837 F.3d at 449. Cowart was then savagely beaten:

> [A] "swarm" of officers took Cowart to the ground and began beating him; officers kicked, punched, and stomped upon Cowart, and sprayed him with mace. At some point, Cowart temporarily lost consciousness. Eventually, the officers attempted to lift Cowart to his feet exclusively by his arms—now handcuffed behind him—causing Cowart great pain. In response to his protests, Cowart was sprayed again with mace . . . and dropped on his face. Cowart was subsequently . . . escorted to the nurses' station . . . . En route, an unidentified officer slammed Cowart's head into the elevator wall.

*Ibid.* Cowart's medical evaluation noted not only "tenderness and swelling on his right hand," but also "contusions of the face, scalp, and neck, a neck sprain, and a ruptured eardrum." *Id.* at 450. On these facts, we concluded the law had been clearly established "in sufficiently similar situations" that

---

*Klevenhagen*, 5 F.3d 103 (5th Cir. 1993); *Bourne v. Gunnels*, 921 F.3d 484 (5th Cir. 2019); *Brown v. Lippard*, 472 F.3d 384 (5th Cir. 2006).

No. 24-30804

"officers may not use gratuitous force against a prisoner who has already been subdued . . . or incapacitated." *Id.* at 454 (internal quotations omitted).

What purportedly happened to Williams is worlds apart from what happened to Cowart. He alleges Voorhies led him into a wall and pressed his hands against the wall, causing pain for a few seconds. And as described by the magistrate judge, Voorhies's alleged force resulted in "minimal injury" to Williams. The medical records confirm as much, revealing nothing but a swollen hand a few days later. Even taking Williams's allegations at face value, this situation is not remotely like, let alone "sufficiently similar" to, the one in *Cowart*.

Williams's other cases are inapposite for that same reason. Each involved brutal, gratuitous prisoner beatings resulting in serious injuries.[5] Again, Williams alleges nothing of the sort. As a result, those cases cannot clearly establish that Voorhies's force violated the constitution. *Kisela*, 584 U.S. at 104.

Accordingly, we hold that Voorhies is entitled to qualified immunity. Because Williams's claims against Walker derive from the claim against Voorhies, those claims necessarily fail as well.[6]

---

[5] *See, e.g.*, *Oliver*, 914 F.2d at 58 (alleging officers, without provocation, "violently threw [plaintiff] to the ground and commenced to viciously push his head to the floor, beat him in the head, face, and eyes with their fists, knee him in the neck and face, bend his little finger back as far as it would go, and jerk his handcuffs, hurting his wrists"); *Flowers*, 956 F.2d at 489–90 (similarly beating and kicking plaintiff without provocation); *Gomez*, 163 F.3d at 922 (grabbing plaintiff by his handcuffs, slamming his face on the floor, and punching him in the face); *Rankin*, 5 F.3d at 105 (slamming plaintiff against wall and floor, handcuffing him, and stomping on his back and legs); *Bourne*, 921 F.3d at 488–89 (macing, punching, and sexually assaulting plaintiff); *Brown*, 472 F.3d at 386 (striking plaintiff repeatedly in his back, head, and shoulders).

[6] Failure-to-intervene claims require that an officer "(1) knew a fellow officer was violating an individual's constitutional rights, (2) was present at the scene of the

No. 24-30804

## IV

We REVERSE the district court's judgment to the extent it denied summary judgment and RENDER judgment dismissing Williams's claims against Voorhies and Walker based on qualified immunity.

---

constitutional violation, (3) had a reasonable opportunity to prevent the harm but nevertheless, (4) chose not to act." *Joseph*, 981 F.3d at 343.

Dana M. Douglas, *Circuit Judge*, dissenting in part:

Appellee Alvin Williams, called out for help while suffering a drug-induced mental health episode. Instead of help, though, he was met with the spray of a chemical agent, while restrained, and was further subjected to unnecessary force, in violation of our circuit's clearly established law. Therefore, as to the majority's finding of qualified immunity on the excessive force claims, I must respectfully dissent.

During Williams's mental health episode, he was denied assistance, not once, but three times. He was sprayed with a chemical agent only *after* he placed his hands through the bars of his cell to be handcuffed, no longer a threat to the officers. While it is true that the plaintiff in *Cowart v. Erwin*, 837 F.3d 444 (5th Cir. 2016) suffered more serious injuries than Williams did, our court made clear in that case that "officers may not use gratuitous force against a prisoner who has already been subdued or incapacitated." *Id.* at 454 (citation modified).[7] Here, it is undisputed that Williams was restrained when force was deployed against him. Appellee also claims his interaction with Appellants resulted in a stress fracture in his right hand, which also occurred while he was already restrained.

The unnecessary of uses of force, namely spraying an already-restrained Williams, leading him into a wall while he was blinded by the chemical agent, and pressing against his hand until he felt a "crack," all occurred while Williams was handcuffed and was, therefore, no threat to the Defendant Officers. To say that Williams's claim cannot proceed past the

---

[7] "The law can be clearly established 'despite notable factual distinctions between the precedents relied on and the cases then before the Court, so long as the prior decisions gave reasonable warning that the conduct then at issue violated constitutional rights.'" *Trammell v. Fruge*, 868 F.3d 332, 339 (5th Cir. 2017) (quoting *Ramirez v. Martinez*, 716 F.3d 369, 379 (5th Cir. 2013)).

summary judgment stage because he was not "savagely beaten," like the plaintiff in *Cowart*, misunderstands our court's precedent. While the extent of injuries may be relevant for other purposes of the excessive force analysis, the principle our court articulated in *Cowart*, following the Supreme Court, was focused on whether the officers gratuitously and maliciously deployed force. *See Hudson v. McMillan*, 503 U.S. 1, 7 (1992) ("The absence of serious injury is therefore relevant to the Eighth Amendment inquiry, but does not end it.").

On these facts, Appellants wrongfully and gratuitously deployed force when they sprayed an already-restrained Appellee with a chemical agent and led him into a wall while he was suffering from a mental health episode. I respectfully dissent.